**SCHNADER HARRISON SEGAL & LEWIS LLP**
Lisa J. Rodriguez
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1165
Telephone: (856) 482-5222
Facsimile: (856) 482-6980
ljrodriguez@schnader.com

*Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *IN RE RENOVACARE, INC. SECURITIES LITIGATION* | Master File No. 2:21-cv-13766-BRM-ESK<br><br>**MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF MOTION FOR RECONSIDERATION FROM ORDER TO CONSOLIDATE DATED FEBRUARY 14, 2022** |

Pursuant to the Court's February 14, 2022 Order to Consolidate (the "Derivative Consolidation Order") ordering consolidation of the following shareholder derivative actions: *Emberland v. Rayat, et al.*, Case No.2:21-CV-20569 (the "Emberland Action"); *Vargas v. Rayat, et al.*, Case No.2:22-CV-00053 (the "Vargas Action"); and *Meyer v. Rayat, et al.*, Case No. 2:22-CV-00430 (the "Meyer Action" and collectively, the "Derivative Actions"), with the related securities class action captioned *In re RenovaCare, Inc. Sec. Litig.*, Case No. 21-13766 (the "Securities Class Action"), and the Court's November 23, 2021 Order to Consolidate, Appoint Lead Plaintiff, and Appoint Lead Counsel entered in the Securities Class Action, by and through their undersigned counsel, shareholder derivative plaintiffs Melvin Emberland, Zoser Vargas, and Aviva Meyer ("Derivative Plaintiffs") respectfully submit this memorandum of law in support of their Motion for Reconsideration from Order to Consolidate Dated February 14, 2022 (the "Motion").

## ARGUMENT

While the Derivative Actions are factually related to the Securities Class Action and Derivative Plaintiffs are amenable to pre-trial coordination with that case, deconsolidation of the Derivative Actions from the Securities Class Action is appropriate for the following reasons.

*First*, the Derivative Actions are different in kind from the Securities Class Action. The Securities Class Action alleges violations of the federal securities laws **against**, among others, RenovaCare, Inc. ("RenovaCare" or the "Company"), whereas the Derivative Actions assert claims derivatively **on behalf of** RenovaCare, such that the interests of the plaintiffs in the Derivative Actions and the Securities Class Action are not aligned. Indeed, the claims in the Securities Class Action are brought by investors who purchased RenovaCare stock during the specific class period alleged in that case and suffered damages, regardless of whether they continue to be shareholders, whereas the Derivative Plaintiffs are current shareholders of RenovaCare stock and seek recoveries on behalf of the Company for losses to the Company resulting from the alleged misconduct. Thus, despite arising out of similar underlying events and involving certain common actors, the Securities Class Action and the Derivative Actions involve distinct legal claims and procedural issues and are therefore not appropriately consolidated (not the least of which is that the Securities Class Action, unlike the Derivative Actions, is subject to the stringent pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA")). *See, e.g.*, *Sanders v. VeriFone Sys., Inc.*, Case No. 5:13-cv-01038-EJD, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (denying parties' stipulation to consolidate derivative and securities class actions, stating, "**[t]he nature of a derivative action differs substantially from that of a securities class action: the two**

2

***have varying procedural and substantive requirements***" and noting the securities action was uniquely governed by the PSLRA) (emphasis added); *Rochester Laborers Pension Fund v. Monsanto Co.*, Case No. 4:10-cv-1380 CDP, 2010 WL 3842549, at *1 (E.D. Mo. Sept. 28, 2010) (denying defendants' motion to consolidate derivative and securities class actions, noting "***[t]he two case have different procedural and substantive requirements***") (emphasis added); *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, No. 08 M.D.L. 1963 (RWS), 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009) (declining to consolidate securities and derivative claims and noting that the majority of courts find these action should "***proceed separately***") (emphasis added); *Zhang v. Aterian et al.*, Master Case No. 1:21-cv-04323, 2021 WL 5113141, at *1 (S.D.N.Y. Nov. 3, 2021) (deconsolidating derivative actions from securities class action upon objection of derivative plaintiffs for the reasons articulated herein); *cf. Allegheny Cnty. Empls. Ret. Sys. v. Energy Transfer LP, et al.*, Civ. No. 20-200, 2020 WL 1888950, at *1 (E.D. Pa. Apr. 16, 2020) (declining to transfer securities action to court where derivative action was pending, noting "Plaintiff in [the securities class action] seeks to obtain damages on behalf of investors who suffered losses due to [company's] alleged misrepresentations, while the plaintiff in [the derivative action] seeks damages from individual corporate officers on behalf of [the company] itself.").

*Second*, deconsolidation would prevent any confusion that might result from maintaining a consolidated docket for the Securities Class Action and the Derivative Actions, on account of these fundamental procedural and substantive differences between the Derivative Actions and the Securities Class Action. *See also Monsanto*, 2010 WL 3842549, at *1 (due to substantive and procedural differences, "**consolidation would likely delay proceedings and lead to confusion and inefficiency**"). Thus, deconsolidation would promote judicial economy and "avoid unnecessary cost or delay," consistent with Fed. R. Civ. P. 42(a).

*Third*, deconsolidation would avoid any potential undue prejudice to the parties that might result from consolidation of the Derivative Actions with the Securities Class Action. In particular, the fact that the Derivative Actions name additional defendants to those named in the Securities Class Action is likely to cause confusion as to the scope of the Court's directives and potential prejudice. *Sanders*, 2013 WL 5550435, at *2 (finding "**consolidation may result in unfair prejudice to these additional parties**" named only in the derivative action and not the securities action); *Monsanto*, 2010 WL 3842549, at *1 (noting "**[c]onsolidation might result in inconvenience or even unfair prejudice to some parties**" where securities and derivative actions name different defendants).

Accordingly, Derivative Plaintiffs respectfully request that the Court deconsolidate the Derivative Actions from the Securities Class Action.

4

Finally, should the Court grant Derivative Plaintiffs' request to deconsolidate the Derivative Actions from the Securities Class Action, Derivative Plaintiffs respectfully submit that consolidation of the Derivative Actions into a consolidated derivative action is appropriate, as the consolidation of these related Derivative Actions, which are of like kind, would not pose the same legal difficulties and risk of confusion and prejudice posed by the consolidation of the Securities Class Action and the Derivative Actions, and would maximize judicial economy and efficient prosecution of the Derivative Actions.[1]

## CONCLUSION

For the foregoing reasons, Derivative Plaintiffs respectfully request that the Court grant Derivative Plaintiffs' Motion and enter the Proposed Order.

---

[1] Counsel for Derivative Plaintiffs and counsel for defendants in the Securities Class Action were discussing service and case organization of the Derivative Actions until counsel for defendants informed Derivative Plaintiffs that defendants in the Securities Class Action intend to seek new counsel and current counsel for defendants in the Securities Class Action likely will also not represent any of the defendants in the Derivative Actions. Notwithstanding, Derivative Plaintiffs' service efforts are underway, with the Company set to respond in the Vargas Action by February 22, 2022, and summonses having been issued in the Emberland Action and the Meyer Action in December 2021 and February 2022, respectively. Once new defendants' counsel appears, Derivative Plaintiffs intend to promptly resume these discussions and file all necessary motions and/or stipulations in connection therewith.

DATED:  February 24, 2022

**SCHNADER HARRISON SEGAL & LEWIS LLP**

*/s/ Lisa J. Rodriguez*

Lisa J. Rodriguez
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1165
Telephone: (856) 482-5222
Facsimile: (856) 482-6980
ljrodriguez@schnader.com

**JOHNSON FISTEL, LLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Frank J. Johnson
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
FrankJ@johnsonfistel.com

*Counsel for Plaintiff Zoser Vargas*

**GLANCY PRONGAY & MURRAY LLP**
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, NY 10019
Telephone: (212) 935-7400
Facsimile: (212) 756-3630
Email:
bsachsmichaels@glancylaw.com

*Counsel for Plaintiff Melvin Emberland*

**SCHUBERT JONCKHEER & KOLBE LLP**
Willem F. Jonckheer
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 788-4220
Email: wjonckheer@sjk.law

**LOWEY DANNENBERG, P.C.**
Anthony Michael Christina
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Email: achristina@lowey.com

*Counsel for Plaintiff Aviva Meyer*

7