# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RENOVACARE, INC. SECURITIES LITIGATION | Case No. 2:21-cv-13766-BRM-SDA |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court styled *In re RenovaCare, Inc. Securities Litigation*, No. 2:21-cv-13766-BRM-SDA (the "Action");

WHEREAS, (a) Lead Plaintiff Diana Deidan and Named Plaintiff Marc Jay Gannon ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (b) Defendants RenovaCare, Inc. ("RenovaCare"), Harmel Rayat, Jatinder Bhogal, 1420527 Alberta Ltd., and Jeetenderjit Singh Sidhu (collectively, "Defendants") (together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 23, 2024 (the "Stipulation") (ECF No. 163-2, Ex. 1), subject to approval of this Court ("Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and

(b) the Stipulation and the exhibits attached thereto; and (c) finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

2.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all Persons and entities that purchased or otherwise acquired RenovaCare Securities between August 14, 2017 and May 28, 2021, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of RenovaCare, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

3.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs, Lead Counsel, and Liaison Counsel have and will fairly and adequately represent

and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Diana Deidan and Named Plaintiff Marc Jay Gannon are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, and Liaison Counsel, Lite DePalma Greenberg & Afanador, LLC, as Liaison Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

6.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on April 9, 2025 at 10:00 a.m. at the United States District Court for the District of New Jersey, Honorable Brian Martinotti, U.S.D.J., Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Courtroom PO 01, Newark, New Jersey 07102, or via Zoom or some other video platform, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the proposed Order and Final Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an

award of attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

7.    The Court reserves the right to adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

a.    No later than ten (10) days after the date of this Order, RenovaCare shall provide and/or cause its transfer agent to provide to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, transfer records containing the Settlement Class Information in electronic searchable form, such as Excel. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

b.    Within twenty (20) days of receipt of the Settlement Class Information (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail and, to the extent that the Settlement Class Information includes valid email addresses, the link to the electronic Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, to be emailed to potential Settlement Class Members who may be identified through reasonable effort;

c.      Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, to be posted on a website to be developed for the Settlement, from which copies of can be downloaded;

d.      No later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published on a national business newswire in the United States; and

e.      No later than seven (7) days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, or such mailing and publication.

9.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii)

constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z–1, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, emailed, posted online, and published.

10.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired RenovaCare Securities during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) days of receipt of the Claims Administrator's letter either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) days of receipt of those Postcard Notices mail them to all such beneficial owners; (b) request from the Claims Administrator the direct link to the Notice and Claim Form on the Settlement website and, within seven (7) days of receipt of the link, forward it to all such beneficial owners for whom valid email addresses are available; or (c) send a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator, who shall promptly mail the Postcard Notice or email the direct link to the Long Notice and Claim Form to such beneficial owners. Brokers and other nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Brokers and other nominees that choose to follow procedure (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. Brokers and other nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims

Administrator. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners, up to a maximum of $0.03 per name, address, and email address provided to the Claims Administrator; $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; or $0.03 per notice sent by email, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than ninety (90) days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.    Any Settlement Class Member who does not timely submit a Claim Form shall be: (a) deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) forever barred from participating in any distributions therefrom; (c) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) barred from commencing, maintaining

or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class, provided that they request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered to the Claims Administrator at the address designated in the Notice, such that it is received no later than twenty-one (21) days prior to the Final Approval Hearing; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re RenovaCare, Inc. Securities Litigation*, No. 2:21-cv-13766-BRM-SDA"; (iii) state the number of shares of RenovaCare common stock that the person or entity requesting exclusion purchased, acquired, and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative accompanied by proof of authorization.  The request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through his, her, or its counsel, by filing with the Clerk of Court for the United States District Court of the District of New Jersey and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) days prior to the Final Approval Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and

award to Lead Plaintiff should not be approved; provided, however, that no Settlement Class

Member shall be heard or entitled to contest the approval of the terms and conditions of the

proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees,

reimbursement of Litigation Expenses, and award to Lead Plaintiff unless that person or entity has

filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel

and Defendants' Counsel at the addresses set forth below such that they are received no later than

twenty-one (21) days prior to the Final Approval Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP**<br>Reed R. Kathrein<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | **COZEN O'CONNOR**<br>Joseph P. Dever<br>3 WTC, 175 Greenwich Street,<br>55th Floor<br>New York, NY 10007 |
| | **KING & SPALDING LLP**<br>Craig Carpenito<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036 |

18.    Any objections, filings and other submissions by the objecting Settlement Class

Member: (a) must state the name, address, and telephone number of the person or entity objecting

and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's

objection(s), and the specific reasons for each objection, including any legal and evidentiary

support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include

documents sufficient to prove membership in the Settlement Class, including the number of shares

of RenovaCare common stock that the objecting Settlement Class Member purchased, acquired,

and/or sold during the Settlement Class Period, as well as the dates and prices of each such

purchase, acquisition, and sale. Objectors who enter an appearance and desire to present evidence

at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Final Approval Hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, and award to Lead Plaintiff, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees, Litigation Expenses, and award to Lead Plaintiff in this or any other proceeding.

20.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Strategic Claims Services, Inc. (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 9, 2024, as provided in the Stipulation.

25.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or

deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff no

later than thirty-five (35) days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) days prior to the Settlement Hearing.

      27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.


SO ORDERED this   <u>10th</u>   day of   <u>December</u>  , 2024.

 

_____
THE HONORABLE BRIAN MARTINOTTI
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE RENOVACARE, INC. SECURITIES LITIGATION | Case No. 2:21-cv-13766-BRM-SDA |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

<u>*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*</u>

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of New Jersey (the "Court"), if, during the period between August 14, 2017 and May 28, 2021, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired RenovaCare, Inc. ("RenovaCare" or the "Company") securities, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT**: Please also be advised that the Court-appointed Lead Plaintiff Diana Deidan, and Named Plaintiff Marc Jay Gannon (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 21 below), have reached a proposed settlement of the Action for $2,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act. If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact RenovaCare, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 79 below).**

1.     <u>**Description of the Action and the Settlement Class:**</u> This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants RenovaCare, Harmel Rayat ("Rayat"), Jatinder Bhogal ("Bhogal"), 1420527 Alberta Ltd. ("Alberta Ltd."), and Jeetenderjit Singh Sidhu ("Sidhu") (collectively,

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated September 23, 2024 (the "Stipulation"), which is available at www.strategicclaims.net/renovacare.

"Defendants"), violated the federal securities laws. A more detailed description of the Action is set forth in paragraphs 11-20 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 21 below.

2.      **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $2,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) any award to Lead Plaintiff approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 42-63 below.

3.      **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiffs' consulting damages expert's estimates of the number of RenovaCare Securities purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.31 per affected share of RenovaCare Securities. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their RenovaCare Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein or such other plan of allocation as may be ordered by the Court.

4.      **Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

5.      **Attorneys' Fees and Expenses Sought**: Plaintiffs' Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Hagens Berman Sobol Shapiro LLP will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund plus interest. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $200,000 plus interest. Lead Counsel will also submit an application for an award to Lead Plaintiff related to her representation of the Settlement Class in an aggregate amount not to exceed $3,000. Any fees, awards, or expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any

such fees or expenses. Estimates of the average cost per affected share, if the Court approves Lead Counsel's fee and expense application, is $0.14 per affected share of RenovaCare Securities.

6.      **Identification of Lead Counsel:** Plaintiffs and the Settlement Class are represented by Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, CA 94710, (510) 725-3000.

7.      **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE AT WWW.STRATEGICCLAIMS.NET/RENOVACARE OR POSTMARKED NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 27 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **SUBMIT A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees, reimbursement of Litigation Expenses, or service award to Lead Plaintiff, you may write to the Court and explain why |

| | you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
|---|---|
| **GO TO A HEARING ON _____, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing an objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do nothing, you will not be eligible to receive a payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get Notice Of The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 5

How Do I Know If I Am Affected By The Settlement? Who Is Included
      In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 7

How Are Settlement Class Members Affected By The Action And
      The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . . Page 9

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

What Payment Are The Attorneys For The Settlement Class Seeking?
      How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 16

What If I Do Not Want To Be A Member Of The Settlement Class?
      How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 16

When And Where Will The Court Decide Whether To Approve The Settlement?
      Do I Have To Come To The Hearing? May I Speak At The Hearing If I
      Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 17

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 19

Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . . Page 19

## WHY DID I GET NOTICE OF THE SETTLEMENT?

8.       The Court directed that a Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired RenovaCare Securities during the Settlement Class Period. The Court also directed that this Notice be posted online at www.strategicclaims.net/renovacare. The Court directed the Postcard Notice to be disseminated because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.

9.       The purpose of this Notice is to inform you of the existence of this class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff (the "Settlement Hearing"). See paragraphs 69-77 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.     Two class action complaints were filed in the United States District Court for the District of New Jersey, which by Order dated November 23, 2021, were consolidated as *In re RenovaCare, Inc. Securities Litigation*, No. 2:21-cv-13766-BRM-SDA. In that same Order, Diana Deidan was appointed as Lead Plaintiff and Hagens Berman Sobol Shapiro LLP was appointed and approved to serve as Lead Counsel.

12.     On February 11, 2022, Plaintiffs filed an Amended Complaint.  Before Defendants responded to the Complaint, the parties filed a Stipulation and Consent Order whereby Lead Plaintiff sought leave to file a Second Amended Complaint in light of new allegations set forth in an Amended Complaint filed by the Securities and Exchange Commission on August 30, 2022, in the action styled *S.E.C. v. Rayat*, Case No. 1:21-cv-04777-LJL (S.D.N.Y.).  The Court "So Ordered" the Stipulation on November 14, 2022.

13.     On December 15, 2022, Lead Plaintiff filed a Second Amended Complaint asserting claims against Defendants, Thomas Bold, Sharon Fleming, Lou Betancourt, Treadstone Financial Group, Ltd. ("Treadstone Ltd."), Treadstone Financial Group LLC ("Treadstone LLC"), Capitol Information Group, Inc. d/b/a StreetAuthority.com (formerly Street Authority, LLC) ("CIG"), and Blackbriar Asset Management Ltd. ("Blackbriar") for violations of Section 9(f) of the Securities Exchange Act of 1934 (the "Exchange Act"), Section 10(b) of the Exchange Act and Rule 10b-5

promulgated thereunder, Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder, Section 20(a) of the Exchange Act, and Section 20(b) of the Exchange Act. The Complaint alleged, *inter alia*, that Defendants orchestrated a long-term, concealed fraudulent stock promotion scheme designed to inflate RenovaCare's stock price and trading volume, so that Defendants could sell their shares at an inflated price. The alleged scheme involved accumulating and distributing millions of shares at below-market prices, coordinating the resale of restricted shares as free trading shares, and promoting the stock through a paid campaign that falsely claiming significant benefits and potential FDA approval for a RenovaCare device.

14.     On July 11, 2023, Plaintiffs filed a Notice of Voluntary Dismissal of Claims against Thomas Bold and Treadstone Ltd., which the Court entered on July 12, 2023.

15.     On October 10, 2023, CIG filed a motion to dismiss; RenovaCare, Rayat, Bhogal, and Alberta Ltd. collectively filed a motion to dismiss; and Sidhu, Treadstone LLC, and Blackbriar collectively filed a motion to dismiss. Sharon Fleming and Lou Betancourt defaulted.

16.     On June 30, 2023, the Court granted in part and denied in part the motions to dismiss. The Court dismissed all claims against CIG, Treadstone LLC, and Blackbriar. The Court sustained claims against Bhogal and Sidhu under Section 9(f) of the Exchange Act (Count I), claims against RenovaCare and Rayat for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (Count II), claims against Defendants for violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c) promulgated thereunder (Count III), and the claim against Rayat  for violation of Section 20(a) of the Exchange Act (Count IV).

17.     On August 5, 2024, Plaintiffs' Counsel and Defendants' Counsel participated in a full-day virtual mediation session before Jed Melnick, Esq. In advance of that session, the Parties exchanged, and provided to Mr. Melnick, detailed mediation statements and exhibits, which addressed the issues of liability and damages. The session, and a subsequent mediator's recommendation, resulted in an agreement in principle to settle the Action for $2,000,000 for the benefit of the Settlement Class.

18.     Based on the investigation and mediation of the case and Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

19.     Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 28 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted

in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

20.    On _____, 2024, the Court preliminarily approved the Settlement, authorized a Postcard Notice to be mailed and, to the extent possible, emailed to potential Settlement Class Members and this Notice be posted online, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All Persons and entities that purchased or otherwise acquired RenovaCare Securities between August 14, 2017 and May 28, 2021, inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are Defendants, the officers and directors of RenovaCare, at all relevant times, members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 16 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT. IF YOU WISH TO BE ELIGIBLE FOR A PAYMENT, YOU MUST SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION ONLINE AT WWW.STRATEGICCLAIMS.NET/RENOVACARE OR POSTMARKED NO LATER THAN _____, 2024.**

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement, the expense and length of continued proceedings necessary to pursue Plaintiffs' claims against the remaining Defendants through trial and appeals would be substantial. Additionally, if Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. For example, Defendants assert that their statements were not actionable under the federal securities laws. If the litigation continued, Plaintiffs would have faced several obstacles, including class certification, summary judgment, and trial, and if they prevailed on those, the appeals that would be likely to follow. A loss at any stage could have resulted in a recovery far less than the Settlement, or no recovery at all. Thus, there were very significant risks attendant to the continued prosecution of the Action.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

23.     As a Settlement Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 17 below.

24.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 16 below.

25.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 17 below.

26.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a final judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, including any other Person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 27 below) on behalf of a Settlement Class Member in a representative capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees (as defined in ¶ 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

27.     "Released Plaintiffs' Claims" means upon final judicial approval of the Settlement, Defendants and Defendants' Releasees shall receive a full, unconditional release from Plaintiffs and all members of the Settlement Class for any and all claims, liabilities, demands, damages, losses, or causes of action, based upon, related to, or arising out of any claims, allegations, representations, omissions, or other matters that are or could have been the subject of the Action relating to the purchase, acquisition, sale, disposition or holding of RenovaCare securities during the Settlement Class Period. For avoidance of doubt, "Released Plaintiffs' Claims" do not include claims asserted derivatively on behalf of the Company in *In re Renovacare Derivative Litigation*, Case No. 21-cv-20569 (D.N.J.).

28.     "Defendants' Releasees" means all Defendants and any Persons or entities affiliated or connected with any of them, including all of their respective current and former officers, directors,

employees, consultants, accountants, attorneys, affiliated persons and entities, sponsors, parents, subsidiaries, beneficiaries, heirs, successors, predecessors, assigns, agents, auditors, immediate family members, general partners, limited partners, principals, shareholders, joint venturers, members, managers, managing directors, supervisors, contractors, experts, financial advisors, professional advisors, investment bankers, representatives, insurers, reinsurers, trustees, trustors, attorneys, legal representatives, professionals, executors, and administrators, and any controlling person thereof, all in their capacities as such.

29.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, including any other Person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 30 below) on behalf of Defendants in a representative capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

30.    "Released Defendants' Claims" means upon final judicial approval of the Settlement, Plaintiffs and Plaintiffs' Releasees shall receive a full, unconditional release from Defendants and all members of the Settlement Class for any and all claims, liabilities, demands, damages, losses, or causes of action, based upon, related to, or arising out of any claims, allegations, representations, omissions, or other matters that are or could have been the subject of the Action relating to the purchase, acquisition, sale, disposition or holding of RenovaCare securities during the Settlement Class Period.

31.    "Plaintiffs' Releasees" means (i) Plaintiffs, Plaintiffs' Counsel, and all other Settlement Class Members, and (ii) Plaintiffs' and the Settlement Class Members Immediate Family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, legal representatives, professionals, predecessors, successors, assigns, heirs, executors, administrators, affiliated persons and entities, sponsors, parents, subsidiaries, beneficiaries, and any controlling person thereof, all in their capacities as such.

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

32.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and submit the electronic version of the Claim Form online at **www.strategicclaims.net/renovacare** **by 11:59 p.m. ET on _____, 2024,** or complete and return the enclosed Claim Form with adequate supporting documentation **postmarked no later than _____, 2024**. If mailed, the claim form should be sent to: RenovaCare, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. Please retain all records of your ownership of and transactions in RenovaCare Securities, as they may be needed to document your Claim. If you

request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

33.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34.     Pursuant to the Settlement, the Settlement Amount of two million dollars ($2,000,000) will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees, award to Lead Plaintiff, and litigation expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

35.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

36.     Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

37.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

38.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form online at www.strategicclaims.net/renovacare or postmarked on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 27 above) against the Defendants' Releasees (as defined in ¶ 28 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, whether or not such Settlement Class Member submits a Claim Form.

39.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

40.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

41.    Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition, or that exclude themselves from the Settlement Class pursuant to request, will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. RenovaCare Securities are the only securities that are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

42.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

43.    A Recognized Loss will be calculated for each share of RenovaCare common stock purchased or otherwise acquired during the Settlement Class Period.[2]  The calculation of Recognized Loss will depend upon several factors, including when shares of RenovaCare common stock were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

44.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of RenovaCare common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of RenovaCare common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of RenovaCare common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff.

45.    The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to

---

[2] During the Settlement Class Period, the common stock of RenovaCare, Inc. traded on the OTC under the ticker symbol "RCAR".

have been damaged by the alleged violations of the federal securities laws, RenovaCare common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiff and Plaintiffs' Counsel have determined that such price declines occurred on February 26, 2018, May 28, 2021, June 1, 2021, and June 2, 2021 (the "Corrective Disclosure Dates").[3] Accordingly, if a share of RenovaCare common stock was sold before February 26, 2018 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of RenovaCare common stock was both purchased and subsequently sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 Artificial Inflation in RenovaCare Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| August 14, 2017 | February 25, 2018 | $3.48 |
| February 26, 2018 | May 27, 2021 | $0.70 |
| May 28, 2021 | May 31, 2021 | $0.44 |
| June 1, 2021 | June 1, 2021 | $0.20 |
| June 2, 2021 | Thereafter | $0.00 |

46.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for RenovaCare common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on RenovaCare common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on RenovaCare common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

47.     The Plan of Allocation also takes into account the Court's order on Defendants' motion to dismiss the Complaint, that dismissed, without prejudice, the allegedly material false and misleading statements that occurred prior to January 8, 2018. Accordingly, the Recognized Loss amount for shares of RenovaCare common stock purchased prior to January 8, 2018, shall be reduced by 90% by multiplying the Recognized Loss amount for such shares (calculated pursuant to the formula below under "Calculation of Recognized Loss Per Share of RenovaCare Common Stock") by 0.10.

48.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized

---

[3] Lead Plaintiff alleges that the disclosure of information which allegedly corrected a misleading statement or omission on May 28, 2021, caused a decline in the price of RenovaCare common stock for three consecutive trading days (i.e., May 28, 2021, June 1, 2021, and June 2, 2021).

Loss shall be set to zero. Any transactions in RenovaCare common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNT

49.    For each share of RenovaCare common stock purchased or otherwise acquired during the Settlement Class Period (i.e., August 14, 2017 through May 28, 2021, inclusive), the Recognized Loss per share shall be calculated as follows:

a.    For each share of RenovaCare common stock purchased during the Settlement Class Period that was subsequently sold prior to February 26, 2018 the Recognized Loss per share is $0.

b.    For each share of RenovaCare common stock purchased during the Settlement Class Period that was subsequently sold during the period February 26, 2018 through May 28, 2021, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1.

c.    For each share of RenovaCare common stock purchased during the Settlement Class Period that was subsequently sold during the period June 1, 2021 through August 26, 2021, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

i.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1; or

ii.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

d.    For each share of RenovaCare common stock purchased during the Settlement Class Period and still held as of the close of trading on August 26, 2021, the Recognized Loss per share is *the lesser of*:

i.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

ii.    the purchase price *minus* the average closing price for RenovaCare common stock during the 90-Day Lookback Period, which is $1.81.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 6/1/2021 | $2.20 | 6/30/2021 | $1.99 | 7/30/2021 | $1.92 |
| 6/2/2021 | $2.10 | 7/1/2021 | $1.99 | 8/2/2021 | $1.92 |

13

| | | | | | |
|---|---|---|---|---|---|
| 6/3/2021 | $2.13 | 7/2/2021 | $1.99 | 8/3/2021 | $1.92 |
| 6/4/2021 | $2.03 | 7/6/2021 | $1.99 | 8/4/2021 | $1.91 |
| 6/7/2021 | $2.00 | 7/7/2021 | $1.99 | 8/5/2021 | $1.91 |
| 6/8/2021 | $1.97 | 7/8/2021 | $1.99 | 8/6/2021 | $1.90 |
| 6/9/2021 | $1.97 | 7/9/2021 | $1.99 | 8/9/2021 | $1.89 |
| 6/10/2021 | $1.99 | 7/12/2021 | $1.99 | 8/10/2021 | $1.89 |
| 6/11/2021 | $1.99 | 7/13/2021 | $1.99 | 8/11/2021 | $1.88 |
| 6/14/2021 | $1.99 | 7/14/2021 | $1.99 | 8/12/2021 | $1.88 |
| 6/15/2021 | $1.99 | 7/15/2021 | $1.99 | 8/13/2021 | $1.87 |
| 6/16/2021 | $1.98 | 7/16/2021 | $1.99 | 8/16/2021 | $1.87 |
| 6/17/2021 | $1.98 | 7/19/2021 | $1.98 | 8/17/2021 | $1.87 |
| 6/18/2021 | $1.99 | 7/20/2021 | $1.98 | 8/18/2021 | $1.86 |
| 6/21/2021 | $2.00 | 7/21/2021 | $1.97 | 8/19/2021 | $1.86 |
| 6/22/2021 | $1.99 | 7/22/2021 | $1.96 | 8/20/2021 | $1.85 |
| 6/23/2021 | $2.00 | 7/23/2021 | $1.96 | 8/23/2021 | $1.84 |
| 6/24/2021 | $1.99 | 7/26/2021 | $1.95 | 8/24/2021 | $1.83 |
| 6/25/2021 | $1.99 | 7/27/2021 | $1.94 | 8/25/2021 | $1.82 |
| 6/28/2021 | $1.99 | 7/28/2021 | $1.94 | 8/26/2021 | $1.81 |
| 6/29/2021 | $1.99 | 7/29/2021 | $1.93 | N/A | N/A |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

50.     The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

51.     A purchase or sale of RenovaCare common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

52.     All purchase and sale prices shall exclude any fees and commissions.

53.     Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired RenovaCare common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that RenovaCare shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

54.     Notwithstanding any of the above, receipt of RenovaCare common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of RenovaCare common stock.

55.     The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against RenovaCare common stock held as of

the close of trading on August 13, 2017 (the last day before the Settlement Class Period begins) and then against the purchase of RenovaCare common stock during the Settlement Class Period.

56.     The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has a short position in RenovaCare common stock, the earliest Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

57.     With respect to RenovaCare common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of RenovaCare common stock on the date of exercise.  Any Recognized Loss arising from purchases of RenovaCare common stock acquired during the Settlement Class Period through the exercise of an option on RenovaCare common stock shall be computed as provided for other purchases of RenovaCare common stock in the Plan of Allocation.[4]

58.     Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

59.     Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds.  The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

60.     Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

61.     Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Lead Plaintiff and Plaintiffs' Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[4] The "exercise of an option" as used in this sentence includes: (1) purchases of RenovaCare common stock as the result of the exercise of a call option, and (2) purchases of RenovaCare common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

15

62.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Plaintiffs' Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

63.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33 1/3% of the Settlement Fund plus interest. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $200,000, plus interest. Lead Counsel will also submit an application for an award to Lead Plaintiff related to her representation of the Settlement Class in an aggregate amount not to exceed $3,000. The Court will determine the amount of any award of attorneys' fees, reimbursement of Litigation Expenses, or award to Lead Plaintiff. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

64.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to RenovaCare Securities Litigation – EXCLUSIONS, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The exclusion request must be received no later than _____, 2024. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re Renovacare, Inc. Securities Litigation*, Master File No. 2:21-cv-13766-BRM-SDA"; (c)

identify and state the number of shares of RenovaCare Securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 14, 2017 and May 28, 2021, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above or is otherwise accepted by the Court.

65.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

66.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

67.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from members of the Settlement Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

68.     **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

69.     The Settlement Hearing will be held on _____, 202_ at __:__ _.m., before the Honorable Brian Martinotti at the United States District Court for the District of New Jersey, Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Courtroom PO 01, Newark, New Jersey 07102, or via Zoom or some other video platform. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, award to Lead Plaintiff and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

70.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of New Jersey at the address set forth below on or before _____, 2024. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2024**.

17

| **Clerk's Office** | **Lead Counsel** | **Defense Counsel** |
|---|---|---|
| United States District Court | HAGENS BERMAN | COZEN O'CONNOR |
| District of New Jersey | SOBOL SHAPIRO LLP | Joseph P. Dever |
| Clerk of the Court | Reed Kathrein | 3 WTC, 175 Greenwich Street, |
| Martin Luther King Building | 715 Hearst Avenue, | 55th Floor |
| & U.S. Courthouse | Suite 202 | New York, NY 10007 |
| 50 Walnut Street Room 4015 | Berkeley, CA 94710 | |
| Newark, NJ 07101 | | |
| | | KING & SPALDING LLP |
| | | Craig Carpenito |
| | | 1185 Avenue of the Americas |
| | | 34th Floor |
| | | New York, NY 10036 |

71.     Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection(s), and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of RenovaCare Securities that the objecting Settlement Class Member purchased, acquired, and/or sold during the Settlement Class Period (*i.e.*, between August 14, 2017 and May 28, 2021, inclusive), as well as the dates and prices of each such purchase, acquisition, and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

72.     You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

73.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees or reimbursement of Litigation Expenses, and award to Lead Plaintiff and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before _____, 2024**.

74.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 70 above so that the notice is *received* **on or _____, 2024**.

75. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

76. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

77. If you purchased or otherwise acquired RenovaCare Securities between August 14, 2017 and May 28, 2021, inclusive, for the beneficial interest of Persons or organizations other than yourself as a nominee, you must within SEVEN (7) DAYS of receipt of a letter either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within SEVEN (7) DAYS of receipt of those Postcard Notices, forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the electronic Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within SEVEN (7) DAYS of receipt of the link from the Claims Administrator; or (c) send a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at RenovaCare Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, info@strategicclaims.net, in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow procedures (a) or (b), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

78. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and email address (to the extent available) provided to Claims Administrator; (b) $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for mailing the Notice; or (c) $0.03 per emailed link to the Notice and Claim Form, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE YOURSELF. NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.**

### CAN I SEE THE COURT FILE?
### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

79. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on

file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.strategicclaims.net/renovacare. All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel for the Plaintiffs at:

*Lead Counsel*
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed Kathrein
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
reed@hbsslaw.com


*Claims Administrator*
RenovaCare Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Toll-free: (866) 274-4004
info@strategicclaims.net

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**


Dated: _____, 2024             BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF NEW JERSEY

# EXHIBIT A-2

**Exhibit A-2**

*RenovaCare Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Toll Free Number: (866) 274-4004
Settlement Website: www.strategicclaims.net/renovacare
Email: info@strategicclaims.net

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online at www.strategicclaims.net/renovacare or mail it by first-class mail to the above address.  To be eligible, Claim Forms must be **submitted online or postmarked no later than _____, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above**.

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | 2 |
| **PART II – GENERAL INSTRUCTIONS** | 3 |
| **PART III – SCHEDULE OF TRANSACTIONS IN RENOVACARE SECURITIES** | 6 |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | 8 |

## PART I – CLAIMANT INFORMATION
(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

| | | |
|---|---|---|
| Beneficial Owner's Name | | |
| Co-Beneficial Owner's Name | | |
| Entity Name (if Beneficial owner is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number (account(s) through which the securities were traded)[1] | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)
☐ Corporation
☐ IRA/401K
☐ Pension Plan
☐ Estate

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

☐  Other _____ (please specify)

## PART II – GENERAL INSTRUCTIONS

1.     It is important that you completely read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form and is available online at www.strategicclaims.net/renovacare, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described in the Notice and provided for in this Claim Form.

2.     This Claim Form is directed to all Persons and entities that purchased or otherwise acquired RenovaCare, Inc. ("RenovaCare") Securities between August 14, 2017 and May 28, 2021, both dates inclusive (the "Settlement Class Period"), and were damaged thereby. All Persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.     Excluded from the Settlement Class are Defendants, the officers and directors of RenovaCare, at all relevant times, members of their Immediate Family and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded are any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set by the Court.

4.     If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.     If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Defendants' Releasees.

6.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.     Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of

3

Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable RenovaCare Securities. On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable RenovaCare Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note: Only RenovaCare Securities purchased and/or acquired during the Settlement Class Period are eligible under the Settlement. However, because the law provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of RenovaCare Securities during the period from June 1, 2021 to August 26, 2021, inclusive, in order for the Claims Administrator to calculate your Recognized Loss amount under the Plan of Allocation and process your claim.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the RenovaCare Securities set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in RenovaCare Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired RenovaCare Securities during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired RenovaCare Securities during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities,

but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

a)  expressly state the capacity in which they are acting;

b)  identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the RenovaCare Securities; and

c)  furnish evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

a)  own(ed) the RenovaCare Securities you have listed in the Claim Form; or

b)  are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator at RenovaCare Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, or by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may download the documents from the Settlement website, www.strategicclaims.net/renovacare.

19.     NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online

claim portal on the Settlement website.)  If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form for each Settlement Class Member, as well as proof of authority to file (see Part II – General Instructions paragraph 13), along with the electronic spreadsheet format. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

20.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/renovacare. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

### IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 866-274-4004.**

### PART III – SCHEDULE OF TRANSACTIONS IN RENOVACARE SECURITIES

Complete this Part III if and only if you purchased or otherwise acquired RenovaCare securities between August 14, 2017 and May 28, 2021, both dates inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than RenovaCare Securities.

**Beginning Holdings:**
A.  State the total number of shares of RenovaCare Securities held at the close of trading on August 11, 2017 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions:**

B.  Separately list each and every purchase or acquisition of RenovaCare Securities between August 14, 2017 through May 28, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

C.  **PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOKBACK PERIOD**: State the total number of shares of RenovaCare Securities purchased/acquired from after the opening of trading on June 1, 2021, through and including the close of trading on August 26, 2021. If none, write "zero" or "0."

_____

**Sales:**

D.  Separately list each and every sale of RenovaCare Securities between August 14, 2017 through August 26, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

E.  State the total number of shares of RenovaCare Securities held at the close of trading on August 26, 2021 (*must be documented*). If none, write "zero" or "0."



**IF ADDITIONAL SPACE IS NEEDED, ATTACH SEPARATE, NUMBERED SHEETS, GIVING ALL REQUIRED INFORMATION, SUBSTANTIALLY IN THE SAME FORMAT, AND PRINT YOUR NAME AND SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH SHEET.**

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

### *YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [  ] OF THIS CLAIM FORM*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated September 23, 2024 ("Stipulation"), I (we), on behalf of myself (ourselves) and my (our) respective heirs, predecessors, successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Notice) against the Defendants and the other Defendants' Releasees (as defined in the Stipulation and in the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), that:

1.  I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  The Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.  I (we) own(ed) the RenovaCare Securities identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.  The Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of RenovaCare Securities, and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.  The Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.  I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

7.  The Claimant(s) waive(s) the right to trial by jury and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this

Claim Form and knowingly and intentionally waive(s) any right of appeal to any court including the U.S. Court of Appeals for the Third Circuit;

8.      I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      The Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                                    Date

_____
Print your name here

_____
Signature of Joint Claimant, if any                                                Date

_____
Print your name here

_____
CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, ETC. (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE _ OF THIS CLAIM FORM.)

## <u>REMINDER CHECKLIST</u>:

1.      Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

9

2.      Remember to attach only copies of acceptable supporting documentation as these documents will not be returned to you.

3.      Please do not highlight any portion of the Claim Form or any supporting documents.

4.      Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.      Keep copies of the completed Claim Form and documentation for your records.

6.      The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 866-274-4004.**

7.      If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.      If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at 866-274-4004 or visit **www.strategicclaims.net/renovacare**. Please DO NOT call RenovaCare or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2024**, ADDRESSED AS FOLLOWS:

*RenovaCare Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/RENOVACARE ON OR BEFORE _____, 2024**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2024 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

# EXHIBIT A-3

**Exhibit A-3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE RENOVACARE, INC. SECURITIES LITIGATION | Case No. 2:21-cv-13766-BRM-SDA |

**SUMMARY NOTICE**

**TO: All persons and entities that purchased or otherwise acquired RenovaCare, Inc. ("RenovaCare") securities between August 14, 2017 and May 28, 2021, inclusive, and were damaged thereby[1] (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, AS YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that a hearing will be held on _____, 202__, at __:__ __.m., before the Honorable Brian Martinotti at the United States District Court for the District of New Jersey, Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Courtroom PO 01, Newark, New Jersey 07102, or via Zoom or some other video platform, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for the sum of $2,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed Plan of Allocation to distribute the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) whether the application of Lead Counsel for an award of attorneys' fees and Litigation Expenses, including interest earned thereon, and award to Lead Plaintiff, from the Settlement Fund, should be approved.

The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. The Court appointed Hagens Berman Sobol Shapiro LLP as Lead Counsel to represent you and the other Settlement Class Members. However, you have the right to retain your own counsel and the right to appear at the Settlement Hearing through counsel of your choosing.

If you purchased or otherwise acquired RenovaCare securities between August 14, 2017, and May 28, 2021, both dates inclusive, your rights may be affected by this Settlement. As further described in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), you will

---

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated ____, 2024 (the "Stipulation"), which is available at www.strategicclaims.net/renovacare.

be bound by any judgment entered in the Action, whether or not you make a claim, unless you request exclusion from the Settlement Class.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** The Notice and Proof of Claim Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.strategicclaims.net/renovacare ("Settlement Website"). You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at RenovaCare Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, 1-866-274-4004, info@strategicclaims.net.

If you are a member of the Settlement Class, you must submit a Claim Form *postmarked*, or online at the Settlement Website, no later than _____, 2024 in order to be eligible to receive a payment under the proposed Settlement. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and award to Lead Plaintiff, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, RenovaCare or any of the other Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed Kathrein
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
510-725-3000
reed@hbsslaw.com

Requests for the Notice and Claim Form should be made to:

*RenovaCare Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
866-274-4004

www.strategicclaims.net/renovacare

Dated: _____, 2024

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

# EXHIBIT A-4

*COURT-ORDERED LEGAL NOTICE*

*In re Renovacare, Inc. Securities Litigation*, No. 2:21-cv-13766-BRM-SDA (D.N.J.)

**If you are a Settlement Class Member, your legal rights may be affected by a proposed Settlement of this securities class action, and you may be eligible for a cash payment. Please read this Postcard Notice carefully.**

**For more information, please visit [www.strategicclaims.net/renovacare](www.strategicclaims.net/renovacare) or call toll free (866) 274-4004.**

*RenovaCare Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

## «Barcode»
Postal Service: Please do not mark barcode

«First1» «Last1»
«C/O»
«Addr1» «Addr2»
«City», «St» «Zip» «Country»

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
**Please visit www.strategicclaims.net/renovacare for more information.**

The parties in the securities class action *In re Renovacare, Inc. Securities Litigation,* No. 2:21-cv-13766-BRM-SDA (D.N.J.) ("Action") have reached a proposed settlement of the claims asserted in the Action against RenovaCare, Inc., Harmel Rayat, Jatinder Bhogal, 1420527 Alberta Ltd., and Jeetenderjit Singh Sidhu (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Plaintiffs had alleged that Defendants made materially false or misleading statements and omissions about RenovaCare's business during the period from August 14, 2017 through May 28, 2021, inclusive (the "Settlement Class Period"). Defendants deny any liability or wrongdoing whatsoever and deny that any Settlement Class Member was damaged. You received this notice because you may be a member of the following Settlement Class: **All persons and entities that purchased or otherwise acquired RenovaCare, Inc. Securities between August 14, 2017 and May 28, 2021, inclusive, and were damaged thereby**.

Pursuant to the Settlement, Defendants have agreed to pay **$2,000,000** in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice of Pendency and Proposed Settlement of Class Action ("Settlement Notice") available at www.strategicclaims.net/renovacare.** If you are a Settlement Class Member, your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in RenovaCare common stock during the Class Period. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery will be $0.31 per eligible share of RenovaCare common stock *before* deducting any fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the Settlement Notice, or other plan of allocation ordered by the Court.

**To be eligible for a payment from the Settlement, you must submit a valid Claim Form.** The Claim Form can be found and submitted at www.strategicclaims.net/renovacare, or you can request that one be mailed to you. **Claims must be postmarked (if**

mailed), or submitted online, by _____, 2024. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by ____, 2024, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by _____, 2024. The full Settlement Notice provides instructions on how to submit a Claim, exclude yourself from the Settlement, or object, and you must comply with all of the instructions in the Settlement Notice.**

The Court will hold a hearing on _____, **2024 at** _____ _**.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for attorneys' fees not to exceed 33 1/3% of the Settlement Fund and litigation expenses of no more than $200,000 (which equals an estimated cost of $0.14 per eligible share). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call (866) 274-4004, send an email to info@strategicclaims.net, or visit** www.strategicclaims.net/renovacare.