**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile:  (973) 623-0858
bgreenberg@litedepalma.com

*Liaison Counsel for Lead Plaintiff Diana Deidan*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (*pro hac vice*)
Lucas E. Gilmore (*pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Lead Counsel for Lead Plaintiff Diana Deidan*

(additional counsel on signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RENOVACARE, INC. SECURITIES LITIGATION | Case No. 2:21-cv-13766-BRM-SDA<br><br>Motion Day: April 9, 2025 |

**LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF: (I) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARDS TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. § 78U-4(A)(4)**

# TABLE OF CONTENTS

**Page**

A.    The Settlement, Plan of Allocation, and Fee and Expense Awards Warrant the Court's Approval..............................................................1

    1.    The Overwhelmingly Positive Reaction of the Settlement Class Supports Final Approval of the Settlement and POA ......................................................................................................2

    2.    Lead Counsel's Fees and Expenses and Lead Plaintiff's Award Should Also Be Approved..........................................................3

B.    Conclusion ......................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ...............................................................................3

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) .............................................................................2, 3

*Gunter v. Ridgewood Energy Corp.*,
  223 F.3d 190 (3d Cir. 2000) ...............................................................................4

*In re Humanigen, Inc. Sec. Litig.*,
  2024 WL 4182634 (D.N.J. Sept. 13, 2024) .........................................................3

*In re Lucent Techs., Inc., Sec. Litig.*,
  327 F. Supp. 2d 426 (D.N.J. 2004) .....................................................................3

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ...............................................................................4

*In re Schering-Plough Corp. Enhance Sec. Litig.*,
  2013 WL 5505744 (D.N.J. Oct. 1, 2013) ............................................................2

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  2016 WL 5338012 (N.D. Ohio Sept. 23, 2016) ...................................................2

### STATUTES

15 U.S.C. § 78u-4(a)(4) .....................................................................................1, 5

### OTHER AUTHORITIES

Rule 23 ..................................................................................................................3

Lead Plaintiff Diana Deidan and Named Plaintiff Marc Jay Gannon ("Plaintiffs") respectfully submit this reply in further support of their motion for final approval of the $2 million Settlement, approval of the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and payment of expenses, including an award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4).

**A.      The Settlement, Plan of Allocation, and Fee and Expense Awards Warrant the Court's Approval**

In their opening briefs, Plaintiffs' Counsel provided ample legal support and factual bases to establish that the Settlement, Plan of Allocation ("POA"), and Fee and Expense Application satisfy all relevant factors and warrant final approval.[1] Final Approval Memorandum (ECF No. 168-1), §§ IV–VI; Fee Memorandum (ECF No. 169-1), § III. After an extensive notice process, the Settlement Class has overwhelmingly supported the applications that are before this Court. Each should be approved.

---

[1] Unless otherwise stated or defined, all capitalized terms used herein have the meanings provided in the Stipulation of Settlement, dated September 23, 2024 (ECF 163-2) (the "Stipulation") or in the Declaration of Reed Kathrein in Support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Expenses, and an Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4) (ECF 168-2).

1. **The Overwhelmingly Positive Reaction of the Settlement Class Supports Final Approval of the Settlement and POA**

The Third Circuit instructs district courts to consider the "'reaction of the class to the settlement.'" *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citation omitted). The question is not merely whether any class members object, as courts recognize that objections are filed in "nearly every class action settlement today." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2016 WL 5338012, at *21 (N.D. Ohio Sept. 23, 2016). Rather, under this second *Girsh* factor, courts consider whether "the number of objectors, in proportion to the total class, indicates that the reaction of the class to the settlement is favorable." *In re Schering-Plough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at *2 (D.N.J. Oct. 1, 2013). The Settlement Class's response to the Court-approved notice program here unquestionably supports approval of the Settlement and POA.

As detailed in the Supplemental Declaration of Margery Craig ("Supp. Craig Decl."), submitted herewith, over 6,000 Postcard Notices were mailed or emailed to potential Settlement Class Members and nominees. In addition, the Summary Notice was transmitted over *Globe Newswire*. ECF 168-4 at ¶ 8. The Notice, Proof of Claim, Stipulation, Preliminary Approval Order, and other relevant documents were also posted to the website dedicated to the Litigation and Settlement. *Id*. at ¶ 9.

The March 19, 2025 deadline for objections has now passed, and there have been *zero* objections to the Settlement or POA and *zero* requests for exclusion. Supp.

-2-

Craig Decl. at ¶¶ 7–8. When the number of objections is this low (zero here), the "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption …in favor of the Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (affirming final approval where there were only three objections to the settlement and one to the plan of allocation); *see also In re Humanigen, Inc. Sec. Litig.*, 2024 WL 4182634, at *5 (D.N.J. Sept. 13, 2024) ("The absence of any objections by Class Members and the small number of requests for exclusion relative to the apparent size of the Class strongly weigh in favor of approval of the Settlement.").

Because all of the factors under Rule 23, *Girsh*, and *Prudential* have been met, including the universal support of the Settlement Class, the Settlement and POA should be approved.

### 2. Lead Counsel's Fees and Expenses and Lead Plaintiff's Award Should Also Be Approved

Lead Counsel's requested fees, expenses, and compensatory award to Lead Plaintiff also have the overwhelming support of the Settlement Class. *See In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 435 (D.N.J. 2004) (approving fee over nine objections and stating that "the lack of a significant number of objections is strong evidence that the fees request is reasonable"). For the reasons stated herein and in the Fee Memorandum, these requests should also be approved.

Lead Counsel's request for attorneys' fees and expenses, approved by Lead Plaintiff, is entitled to a presumption of reasonableness. *See* ECF No. 169-1 at 3. And the fee request is supported by each of the Third Circuit *Gunter* factors.[2] *Id.* at 8–18. Lead Counsel's representation of Plaintiffs and the Settlement Class was wholly contingent and subject to considerable risk; the result achieved was excellent; the result was obtained through hard-fought litigation by skilled and experienced counsel; and the requested fee is at or below fee percentage awards in numerous comparable cases cited therein. *See id.* Should the Court determine to conduct one, the requested fee is also reasonable under a lodestar cross-check, as the requested fee represents a multiplier of 0.729 on counsel's lodestar. Fee Memorandum at 2–3, 18–21.

In addition, in assessing attorneys' fees, courts consider "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel." *Gunter*, 223 F.3d at 195 n.1. In particular, courts look to whether there are objections by "'sophisticated' institutional investors," which have "considerable financial incentive to object [if] they believed the requested fees were excessive." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005), as amended (Feb. 25, 2005).

---

[2] *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000).

-4-

Here, the reaction of the Settlement Class overwhelmingly supports the fee request. After over 2,500 Postcard Notices and almost 3,500 emails were sent out, not a single investor (institutional or individual) objected to the fee request. This overwhelmingly positive reaction confirms that the fee should be approved. Their lack of objection to the requested expenses and compensatory award to Lead Plaintiff similarly supports that they should be approved. Accordingly, and for the additional reasons discussed in the Fee Memorandum, the Court should approve the requested fees, expenses, and award to Lead Plaintiff.

**B.     Conclusion**

The Settlement reached by Plaintiffs' Counsel is an excellent one under the circumstances. For the reasons set forth herein and in the previously submitted memoranda and declarations, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, POA, and Lead Counsel's requested fees and expenses, including an award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4).

Proposed Orders were submitted on March 17, 2025. *See* ECF Nos. 171-172.

DATED: April 2, 2025

Respectfully submitted,

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

By: /s/ *Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile:  (973) 623-0858
bgreenberg@litedepalma.com

*Liaison Counsel for Lead Plaintiff*
*Diana Deidan*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (*pro hac vice*)
Lucas E. Gilmore (*pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Nathan Emmons (*pro hac vice* pending)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4957
Facsimile:  (708) 628-4950
nathane@hbsslaw.com

*Lead Counsel for Lead Plaintiff*
*Diana Deidan*

-6-

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
Murielle S. Walsh (*pro hac vice*)
Emily C. Finestone (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
mjsteven@pomlaw.com
efinestone@pomlaw.com

*Counsel for Named Plaintiff*
*Marc Jay Gannon*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Bruce D. Greenberg*
BRUCE D. GREENBERG